# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Filtration Solutions Worldwide, Inc. ) | |
|     Plaintiff/Counter-Defendant, ) | |
| vs. ) | No. 08-0102-CV-W-FJG |
| Gulf Coast Filters, Inc., ) | |
|     Defendant/Counter-Claimant ) | |
| vs. ) | |
| Randy Fields D/B/A Filtration Solutions ) | |
| and/or d/b/a Filtration Solutions Worldwide, ) | |
|     Additional Counter-Defendant. ) | |

## ORDER

Pending before the Court are Plaintiff's Motions in Limine (Doc. Nos. 183, 184, 185, and 186), and Counter-Defendants' Motions in Limine (Doc. Nos. 190, 191, 192, 193, and 195). All will be considered, below.

**I.    BACKGROUND**

Plaintiff Filtration Solutions Worldwide, Inc. and Defendant Gulf Coast Filters, Inc. are competitor businesses that both engage in the manufacture and sale of oil by-pass filters that are marketed to the trucking industry as products designed to extend the service life of oil used in the diesel engines of over-the-road tractors (class 8 trucks). In 2004, Gulf Coast Filters began a national advertising campaign for its filters targeting the class 8 truck market, purchasing advertising spots on XM Satellite Radio and in Land Line Magazine. Plaintiff has made a false advertising claim as to two of defendant's advertising messages: (1) that the Gulf Coast Filters Model 0-2 by-pass filter can filter particles as small as one micron; and (2) that the Gulf Coast Filters Model 0-2 by-pass filter holds 2.5 gallons of oil. Plaintiff alleges that this allegedly false advertising violates the Lanham Act, 15 U.S.C. § 1125 et seq. (Count I). See Doc. No. 29, Amended Complaint.

Defendant, in return, has alleged that plaintiff has also engaged in false advertising (1) as to the efficiency of the FS-2500 by-pass filter versus the efficiency of Gulf Coast's GCF Model 0-2 Filter; (2) about "one-pass" efficiency rather than "capacity" of the

respective filters; (3) that Filtration falsely stated that the GCF Model 0-2 holds four gallons of oil; (4) that Filtration falsely represented the price of the GCF Model 0-2 and the price of the FS-2500; and (5) that Filtration falsely advertised that Gulf Coast does not sell the GCF Model 0-2 with a filter element included. Defendant has brought the following remaining counterclaims against plaintiff and Randy Fields for: Count I, violations of the Lanham Act; and Count II, Copyright Infringement.

## II. PLAINTIFF'S MOTIONS IN LIMINE (Doc. Nos. 183, 184, 185, 186)

A. Motion in Limine regarding Medical Condition of Randy Fields (Doc. No. 183)

> Plaintiff moves for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence referring to, pertaining to, or including any information or testimony as to the medical condition, treatments, or medications of Randy Fields because the information is not relevant to any matter at controversy and presents a likelihood of improperly confusing or prejudicing the jury. See FRE 401, 402, and 403. Defendant has filed no opposition.

**Ruling: Sustained.**

B. Motion in Limine regarding Motion for withdrawal of counsel (Doc. No. 184)

> Plaintiff moves for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence referring to, pertaining to, or including any information or testimony as to Lathrop & Gage's Motion for Withdrawal of Counsel (Doc. No. 78), because the information is not relevant to any matter at controversy and would be extremely prejudicial to Filtration Solutions. See FRE 401, 402, and 403. Defendant has filed no opposition.

**Ruling: Sustained.**

C. Motion in Limine regarding payment practices or history (Doc. No. 185)

> Plaintiff moves for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence referring to, pertaining to, or including any information or testimony as to Filtration Solutions' or Randy Fields' payment practices or history with vendors, agents, and publications, including but not limited to Landline

2

Magazine and XM radio, because the information is not relevant to any matter at controversy and would be extremely prejudicial to Filtration Solutions. See FRE 401, 402, and 403. Defendant has filed no opposition.

**Ruling: Sustained.**

  D. Motion in Limine regarding other lawsuits (Doc. No. 186)

  Plaintiff moves for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence referring to, pertaining to, or including any information or testimony as to other disputes, lawsuits, or collection actions involving Filtration Solutions or Randy Fields because the information is not relevant to any matter at controversy and would be extremely prejudicial to Filtration Solutions. See FRE 401, 402, and 403. Defendant has filed no opposition.

**Ruling: Sustained.**

**III. COUNTER-DEFENDANTS' MOTIONS IN LIMINE (Doc. Nos. 190, 191, 192, 193, AND 195)**

  A. Motion in Limine regarding Testimony from Gulf Coast's Current Customers (Doc. No. 190)

  Filtration Solutions moves for an order in limine prohibiting counter-claimant from eliciting testimony from Gary Stewart, Carl Green Joe Noel, E.D. Vanriper, Mathilde Dumond White, or Lance Talbott, or any other Gulf Coast customer regarding (1) whether FS's advertisements actually deceived or had a tendency to deceive consumers, or (2) whether those advertisements were material, i.e., likely to influence consumers' purchasing decisions. FS states that this testimony is not based on personal knowledge, and is improper opinion testimony from a layperson. Further, FS states that this testimony would not be relevant because those customers are not the target audience as it has been defined by Gulf Coast for purposes of Gulf Coast's counterclaims.

  Gulf Coast has filed opposition to this motion, indicating (among other things) that (1) testimony of members of the target audience is applicable as to the element of materiality; and (2) the testimony of these witnesses is relevant.

**Ruling: Provisionally denied, subject to reconsideration after the Court rules on the issues raised in the parties' executive summaries (see Doc. No. 205, Order directing the parties to file executive summaries).**

  B. Motion in Limine regarding Randy Fields' Medical Condition, Lathrop &

3

Gage's motion for withdrawal and counsel, counter-defendant's payment practices, and other lawsuits involving counter-defendants (Doc. No. 191)

Counter-defendants move for the same relief Filtration Solution seeks as plaintiff, above (Doc. Nos. 183, 184, 185, and 186). Defendant has filed no opposition.

**Ruling: Sustained.**

    C.    Motion in Limine regarding subsequent remedial measures (Doc. No. 192)

Counter-defendants move for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence regarding subsequent measures taken by Filtration Solutions such as stopping certain advertising or altering or revising certain advertising messages as evidence of wrongdoing, or arguing or otherwise inferring that such actions are evidence of wrongdoing, pursuant to FRE 407. Defendant has filed no opposition.

**Ruling: Sustained.**

    D.    Motion in Limine regarding Gulf Coast's Current Customers (Doc. No. 193)

Counter-defendants move for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence referring to, pertaining to, or including any information or testimony as to Gulf Coast allegedly losing any of its existing customers as a result of FS's advertising, as such evidence is irrelevant because GCF has no evidence that it lost existing customers as a result of FS's advertising. Further, FS argues that any last-minute evidence could be prejudicial to Filtration Solutions (as this was not what GCF argued its case was about prior to close of discovery), and any argument about existing customers would confuse the jury. Counter-claimant GCF opposes this motion for the same reasons it opposed Doc. No. 190; see Doc. No. 200.

**Ruling: Provisionally denied.**

    E.    Motion in Limine regarding Filtration Solutions' Advertisements from *Ford Truck Performance*, *Diesel Power*, or similar publications (Doc. No. 195)

Counter-defendants move for an order in limine prohibiting defendant/counter-claimant, its counsel, and its witnesses, from offering any statement or evidence referring to, pertaining to, or including any information or testimony as to FS's advertisements from *Ford Truck Performance* magazine, *Diesel Power* magazine, or any similar publication because these

advertisements are irrelevant to GCF's claims in this matter. FS argues that it anticipates that GCF may try to introduce FS advertisements that appeared in publications not aimed at owner-operators of Class 8 trucks (counter-defendants argue that these two magazines are aimed at owners of diesel-powered pick-up trucks). FS argues that such advertisements are not relevant to GCF's counterclaims, and would only confuse the jury. FS notes that GCF has made representations in its opposition to counterdefendant's motion for summary judgment that the target audience is only the owner-operator segment of the Class 8 truck driver audience. Further, FS argues that any probative value of the evidence from the advertisements from Ford Truck Performance or Diesel Power would be substantially outweighed by the danger that such evidence would confuse the jury regarding the audience at issue in GCF's counterclaims. FS also argues that this evidence would be needlessly cumulative.

Counter-claimant opposes this motion, arguing (1) counter-defendants have submitted no evidence that these magazines are not read by the target audience, and have offered no proof whatsoever as to who may actually subscribe to and read the publications at issue; (2) the advertisements at issue are not entirely repetitive and contain claims that are not found in other publications, and they are not likely to confuse the jury [noting that in one of the ads from Diesel Power, counter-claimants claim to have test results showing that their bypass oil filter can filter particles as small as .00278 mm]. Counter-claimant states that this additional advertisements are not likely to confuse the jury: "Gulf Coast Filters is confident that a properly instructed jury would be able to understand the distinctions between the various markets targeted by the parties to this civil action." Doc. No. 201, p. 2.

**Ruling: Sustained.**

    **IT IS SO ORDERED.**

    /s/Fernando J. Gaitan, Jr.
    Fernando J. Gaitan, Jr.
    Chief United States District Judge

Dated: January 27, 2010
Kansas City, Missouri