# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Filtration Solutions Worldwide, Inc. )<br>    Plaintiff/Counter-Defendant, )<br>vs. )<br>Gulf Coast Filters, Inc., )<br>    Defendant/Counter-Claimant )<br>vs. )<br>Randy Fields D/B/A Filtration Solutions )<br>and/or d/b/a Filtration Solutions Worldwide, )<br>    Additional Counter-Defendant. ) | No. 08-0102-CV-W-FJG |

**ORDER**

Pending before the Court are Defendant Counter-Claimant's Response to Court's Order Dated January 12, 2010 With Respect to Affidavit of Maria Radoumis (Doc. No. 210) and Plaintiff Counter-Defendant's Objections to Gulf Coast Filters, Inc.'s Response (Doc. No. 215).

**Background**

Plaintiff Counter-Defendant Filtration Solutions Worldwide, Inc. ("FS") and Defendant Counter-Claimant Gulf Coast Filters, Inc. ("GCF") are competitor businesses that both engage in the manufacture and sale of oil by-pass filters that are marketed to the trucking industry as products designed to extend the service life of oil used in the diesel engines of over-the-road tractors (class 8 trucks). In 2004, GCF began a national advertising campaign for its filters targeting the class 8 truck market, purchasing advertising spots on XM Satellite Radio and in Land Line Magazine. Plaintiff FS has made a false advertising claim as to two of Defendant GCF's advertising messages: (1) that the Gulf Coast Filters Model 0-2 by-pass filter can filter particles as small as one micron; and (2) that the Gulf Coast Filters Model 0-2 by-pass filter holds 2.5 gallons of oil. Plaintiff FS alleges that this allegedly false advertising violates the Lanham Act, 15 U.S.C. § 1125 et seq. (Count I), and constitutes a breach of a valid and reasonable business expectancy (Count II). See Doc. No. 29, Amended Complaint.

Defendant GCF, in return, has alleged that Plaintiff FS has also engaged in false advertising (1) as to the efficiency of the FS-2500 by-pass filter versus the efficiency of Gulf Coast Filters' Model 0-2 Filter; (2) about "one-pass" efficiency rather than "capacity" of the respective filters; (3) that FS falsely stated that the GCF Model 0-2 holds four gallons of oil; (4) that FS falsely represented the price of the GCF Model 0-2 and the price of the FS-2500; and (5) that Filtration falsely advertised that Gulf Coast does not sell the GCF Model 0-2 with a filter element included. Defendant GCF has brought counterclaims against Plaintiff FS and Randy Fields for: Count I, violations of the Lanham Act; Count II, Copyright Infringement; and Count III, Interference with Business Relations (Prospective Advantage).

Plaintiff FS previously challenged certain opinions of Defendant GCF's designated expert Maria Radoumis as (1) irrelevant, (2) unhelpful to the factfinder, (3) lacking foundation, and (4) unreliable under <u>Daubert</u>. (Doc. Nos. 116 and 118). Maria Radoumis is a laboratory technician with over 40 years of experience in the field of oil analysis. She has analyzed thousands of oil samples from diesel engines including the class 8 trucks used in the interstate trucking business. Defendant GCF indicates that for the past 20 years, Ms. Radoumis has analyzed thousands of oil samples taken from the engines of class 8 trucks equipped with the GCF0-2 by-pass oil filter.

The Court granted Plaintiff FS' motion in part, striking paragraphs 9, 10(a)-(d), 11 and 12 of Ms. Radoumis' affidavit (Doc. No. 205). With respect to paragraphs 14 and 15, Plaintiff FS stated that Defendant GCF failed to identify Plaintiff's advertisement that contains the messages that Ms. Radoumis' opinions supposedly contradict in paragraphs 14 and 15 of her report. The Court provisionally denied Plaintiff FS' motion to strike paragraphs 14 and 15, ordering Defendant GCF to provide the advertisement(s) that forms the basis for Radoumis' testimony in paragraphs 14 and 15.

## Legal Standard

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of expert evidence must show by a preponderance of the evidence that the expert is qualified to render his opinion and the methodology underlying his conclusions is valid. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 857-58 (8th Cir. 2006). Under Daubert all expert testimony must be "[n]ot only relevant, but reliable." See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). Furthermore, "[w]here opinion evidence . . . is connected to existing data only by the ipse dixit of the expert, a district court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." Pro Serv. Auto., L.L.C. v. Lenan Corp., 469 F.3d 1210, 1216 (8th Cir. 2006).

## Analysis

In its Response to the Court's January 12, 2010 Order, Defendant GCF attached three Filtration Solution advertisements which it claims form the basis for Ms. Radoumis' testimony in paragraphs 14 and 15 of her affidavit. Plaintiff FS responded that the attached advertisements do not do that, and as a result, paragraphs 14 and 15 of Ms. Radoumis' affidavit should be stricken.

**Paragraph 14**. Defendant GCF asserted in its Suggestions in Opposition to Plaintiff's Challenge to Defendant's Designated Expert Marina Radoumis (Doc. No. 124) that one of FS' false and/or misleading advertising messages is that the GCF 0-2 is only able to extend oil change intervals because of the volume of oil that is added to the system

when the elements are changed each 10,000 miles. In its response to the Court's January 12, 2010 Order, Defendant GCF asserted that paragraph 14 of the Radoumis Affidavit counters the FS advertising message that GCF filters merely dilute the fuel sump thus masking the soot content of the sump. GCF points to the following FS webpage advertisement language as support:

> Don't be fooled by other bypass companies who "say" they remove particles down to 1 micron in size or who say their filter holds more soot than the FS-2500. Have them prove it to you! Remember, an engine full of soot is still an engine full of soot no matter how much oil you add to it. You haven't taken the soot out you just made it look better by diluting it with oil. With the FS-2500 you only add 1-1/2 quarts of oil with each element change.

Defendant GCF states that in paragraph 14(d) of her affidavit, Ms. Radoumis points out that regardless of the amount of make-up oil that is added, if the GCF Model O-2 were not removing soot from the engine oil sump, over time, the oil samples from GCF Model O-2 equipped engines would show increasing fuel soot levels. Defendant GCF states that in paragraph 14(b), Radoumis refers to engine oil sample reports to show that engines equipped with the GCF Model O-2 maintain soot levels below industry standards over hundreds of thousands of miles. Thus, maintains Defendant GCF, paragraph 14 of the Radoumis Affidavit is relevant to refute FS's advertising message that the GCF Model O-2 does not constantly remove fuel soot and that the 2.5 gallons of make-up oil added during GCF Model O-2 elements changes merely "dilutes" the oil sump.

Defendant GCF states that by citing the oil analysis reports that show that the class 8 trucks equipped with the GCF Model 0-2 by-pass filtration system are able to operate for hundreds of thousands of miles while keeping soot levels within industry standards, Marina Radoumis has laid the foundation for her opinion that addition of oil during element changes would not prevent increasing fuel soot levels if the GCF Model 0-2 by-pass filtration system were not constantly removing fuel soot from the engine oil.

Plaintiff FS responds that nowhere in the advertisement is there a reference to Gulf

Coast or the GCF Model O-2. Nowhere is there a reference to 2.5 gallons (or a volumetric capacity other than Filtration Solutions' own capacity) of make-up oil. Nowhere is there any statement about the GCF Model O-2's ability (or lack thereof) to extend oil change intervals because of the volume of oil that is added to the system when the elements are changed each 10,000 miles, and nowhere is there any evidence that Class 8 consumers perceive any of the statements on the Filtration Solutions webpage as being directed at Gulf Coast, the GCF Model O-2, or that the make-up oil required when changing the GCF Model O-2 element somehow masks soot content. Plaintiff also states that the "opinions" made by Ms. Radoumis in paragraph 14 are still irrelevant to any of the claims or defenses in this case, still lack foundation (as set forth in Filtration Solutions' Challenge (Doc. No. 116) and *Daubert* motion (Doc. No. 118), and are still unhelpful to the trier of fact.[1]

Having assessed the parties' arguments, the Court hereby GRANTS Plaintiff FS' motion. Paragraph 14 of Radoumis' affidavit will be STRICKEN**.**

**Paragraph 15**. Defendant GCF states that paragraph 15 of the Radoumis Affidavit counters the FS advertising message that the use of the GCF Model O-2 is dangerous to operation of diesel engines. Defendant GCF states that Plaintiff FS analogized the use of the GCF Model O-2 by-pass filter system to allowing eight out of ten criminals to "break in your home" and "harm your family," and supported this false contention by attaching a deceptive and flawed report published by IBR. Defendant GCF contends that the IBR test is deceptive in part because it publishes test results for the FS-2500 Filter System equipped with the 360.5 and 361 elements to promote sales of the FS-2500 Filter System equipped with the 362 element. Moreover, Defendant GCF states, the IBR test is unreliable since it is used incorrect flow rates for the GCF Model O-2 and the FS-2500 and for all the other reasons explained in the Affidavit of James Fitch (Doc. No. 76). GCF further claims that

---

[1]The Court previously struck certain paragraphs of Ms. Radoumis' affidavit referencing "industry standards" for lack of foundation, in that Ms. Radoumis does not explain what the industry standards are that the GCF Model O-2 meets or exceeds.

paragraph 15 of the Radoumis affidavit is one important component to showing that class 8 engines equipped with the GCF Model O-2 system are able to **safely** operate for hundreds of thousands of miles between oil changes.	Plaintiff FS responds that the Filtration Solutions letter ad does not claim the GCF Model O-2 is unsafe, and that Radoumis does not opine on the GCF Model O-2's safety.  Nowhere in the letter ad does Filtration Solutions state or imply that the GCF Model O-2 is dangerous or unsafe.  The letter ad is not advertising "safety"; it is advertising *performance*, and the analogy has nothing to do with the *safety* of *using* the FS-2500 or the GCF Model O-2 but rather the *efficiency* with which those filters remove particles that cause engine wear.² The letter ad is clearly addressing the importance of effectively keeping "attackers" ("dangerous" wear-causing particles of a certain size) out of the "house" (engine).  Plaintiff FS further states that the test results attached to the letter are based on the ISO 16889 (1999) Fractional *Efficiency* test that show "how *efficiently* a filter removes contamination from fluid after multiple passes through the filter."  GCF has no evidence that consumers perceive this letter ad or the attached results as implying that the GCF Model O-2 is unsafe.

Defendant GCF states that throughout her affidavit, Marina Radoumis supports her opinion that class 8 diesel engines equipped with the GCF Model O-2 bypass filter system are able to **safely** operate for hundreds of thousands of miles between oil changes. However, Plaintiff FS states the Radoumis affidavit is still irrelevant because it has nothing to do with safety, and the word "safely" does not appear in paragraph 15, or anywhere in the Radoumis Affidavit.  Radoumis simply discusses how adding make-up oil when

---

²The letter ad at issue states, in relevant part, "If you are considering buying a filter that will not remove the most dangerous particles from you [sic] oil with near 100% efficiency, you have to ask yourself what is the point in buying it at all.  Please consider this illustration, if you were going to buy a security system to protect your home and family and you found out that the system that was the biggest and you heard the most about would only stop 1 or 2 out of every 10 criminals that tried to break into your home and harm your family, you would probably not give that system a second thought!  No one in their right mind would knowingly install a system that performed that poorly."

changing the element to the GCF Model O-2 keeps additive levels within industry standards. Nowhere does she state that this contributes to the "safe" operation of an engine equipped with a GCF Model O-2.

Defendant GCF additionally states that paragraph 15 counters the FS advertising message that oil never wears out. In paragraph 15 of her affidavit, Radoumis explains why filtration alone is insufficient to keep oil within industry standards and that addition of additives in make-up oil is also essential to allowing class 8 engines to operate safely for hundreds of thousands of miles between oil change intervals.

Plaintiff FS replies that nowhere in Filtration Solutions' statement that "[y]our oil never really wears out, it's just contaminated" does Filtration Solutions state or imply that filtration alone *is* sufficient to keep oil within industry standards or that the additives in make-up oil *are not* essential to the safe operation of class 8 engines. Instead, Plaintiff asserts, Filtration Solutions is addressing the importance of removing engine-wear causing particles, and as a result, Radoumis' opinion in paragraph 15 is irrelevant to whether the Filtration Solution advertising claim is false.

Having considered both parties arguments, the Court finds that Plaintiff's motion to strike as to this paragraph is GRANTED. Paragraph 15 of the Radoumis affidavit shall be STRICKEN.

**IT IS SO ORDERED.**

Dated: 03/01/10  /s/Fernando J. Gaitan, Jr.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge