# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Filtration Solutions Worldwide, Inc. )
        Plaintiff/Counter-Defendant, )
vs. )No.  08-0102-CV-W-FJG
Gulf Coast Filters, Inc., )
        Defendant/Counter-Claimant )
vs. )
Randy Fields D/B/A Filtration Solutions )
and/or d/b/a Filtration Solutions Worldwide, )
        Additional Counter-Defendant. )

## ORDER

Pending before the Court are (1) the parties' requests for in-court demonstrations, or submission of videotaped or digital renderings of such demonstrations; (2) Defendant's claim for statutory damages and attorneys' fees under the Copyright Act; and (3) Plaintiff's Motion to Strike the Fasone Subpoenas and Fields Subpoena (motion submitted via email to the Court on March 23, 2010).

## I.      In-Court Demonstrations.

Pursuant to the Court's Order of January 12, 2010 (Doc. No. 205), the parties submitted Executive Summaries and responses thereto, summarizing their remaining claims in an effort to narrow the issues to be decided during trial.

At issue is, *inter alia*, is the volumetric capacity of Defendant's GCF Model O-2 by-pass filtration system.  Plaintiff asserts there is a question of fact as to the truth of Defendant's advertising claim that the GCF Model O-2 has a "2.5 gallon capacity" and that in fact, the Model O-2 holds more than 2.5 gallons of oil.  Defendant responds that the GCF Model O-2, with internal parts inserted, cannot be filled with more than 2.5 gallons of motor

1

oil.

The parties have repeatedly suggested in-court demonstrations, or submission of videotaped or digital video evidence to show how many gallons of oil the GCF Model O-2 filter will actually hold. The parties have previously obtained and referred to expert testimony on this issue. To the extent expert testimony is available, the parties may rely on such evidence without the need for additional demonstrations. Moreover, such demonstrations would allegedly require nearly four hours and would be an unnecessary expenditure of judicial resources.

The Court finds that Plaintiff's and Defendant's requests to perform additional demonstrations regarding the motor oil capacity of the GCF Model O-2 filter are hereby **DENIED**. The parties may rely on the evidence obtained on this issue as of the close of discovery.

## II.   Defendant's Copyright Claim.

The Court has also reviewed the parties' positions on Defendant's claims under the Copyright Act. In 1989, Defendant published an original written work entitled "*Preventative Maintenance Through Superior Filtration*" (the "Work"). (Doc. No. 4 at p. 8)  Defendant registered the Work on March 13, 2007. Id. at Ex. 2.  Defendant alleges that in 2004, Plaintiff copied substantial elements of the Work without authorization from Defendant, and published it to a website to advertise its own product. Id. at p. 8.  Plaintiff removed the allegedly infringing material from its website in June 2004 after a demand from Defendant's attorney. Id.  Defendant alleges that Plaintiff again uploaded the same information to its website in February or March, 2007. Id.

Defendant seeks statutory damages for Plaintiff's alleged reproduction, distribution, and adaptation of Defendant's copyrighted work, thereby infringing Defendant's copyright. Plaintiff responds that even if Defendant's infringement claim is valid, Defendant cannot recover statutory damages or attorneys' fees as a matter of law, citing 17 U.S.C. § 412.

Pursuant to 17 U.S.C. § 412, "no award of statutory damages or of attorney's fees" can be awarded for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (2009). Plaintiff argues that any alleged infringement commenced after the date that Defendant registered its copyright. As set forth above, Defendant first published the Work in 1989. Defendant did not register its copyright until March 13, 2007. All alleged acts of infringement occurred before the date of registration. Defendant does not dispute these facts.

Defendant argues that although it did not register its copyright until March 2007 (after the alleged acts of infringement occurred), Plaintiff's "deliberate act of re-posting the work on its website after being warned by a copyright attorney shows the requisite willfulness required to award attorney fees for copyright infringement in this case." (Doc. No. 217 at p. 11) However, as Plaintiff points out, Section 412 leaves no room for discretion. Neither attorneys' fees nor statutory damages can be awarded, not even for willful conduct, so long as the alleged infringement commenced before the registration of the copyright.

The Court finds Plaintiff's argument persuasive. Because it is undisputed that all of Plaintiff's alleged acts of infringement of Defendant's protected work commenced before the date of registration, Defendant's claim for statutory damages and attorneys' fees under

3

the Copyright Act is hereby **DISMISSED**.

### III.     Third-Party Subpoenas.

On March 23, 2010, Plaintiff submitted an e-mail to the Court requesting that the Court strike three subpoenas Defendant issued in early March 2010.  Plaintiff contends that on or about March 3, 2010, Defendant served Fed. R. Civ. P. 45 subpoenas on third parties Laura Strecker and Janet Boehm of Fasone & Partners (the "Fasone Subpoenas").  The Fasone Subpoenas requested that Ms. Strecker and Ms. Boehm appear at trial in this matter on April 5, 2010 and produce "all documents relating to advertising for Randy Fields or Filtration Solutions Worldwide, Inc." by March 24, 2010 and to opposing counsel in Mississippi.  Plaintiff argues that the Fasone Subpoenas should be stricken because (1) Defendant provided no notice of the subpoenas; (2) Ms. Strecker and Ms. Boehm are not on any party's witness list; and (3) the Fasone Subpoenas were served more than six months after the close of discovery.

On or about March 10, 2010, Defendant served a subpoena on Randy Fields (the "Fields Subpoena"), requesting his attendance at trial, production of the "manual for the Diagnetics Oil Analysis Machine referred to on page 128 of your deposition", and requesting that he allow inspection of the Diagnetics Oil Analysis Machine on March 29, 2010.  The Fields Subpoena further provided that "in lieu of this inspection, you may furnish the model number and serial number of the said Diagnetics Oil Analysis Machine to the counsel for Gulf Coast Filters, Inc. through your attorneys."  Plaintiff argues that the Fields Subpoena should be stricken (as it pertains to any inspection) because the Diagnetics Oil Analysis Machine does not appear on any party's exhibit list.  Plaintiff does not argue that

the request for Mr. Fields' attendance at trial be stricken.

In its Scheduling Order, the Court required witness and exhibit lists for affirmative claims be filed by October 19, 2009, and witness and exhibit lists for a party defending against an affirmative claim be filed by October 26, 2009. (Doc. No. 197 at p. 8) The Order provided that any "witness not listed in accordance with this order will not be permitted to testify, except for good cause shown and with leave of Court," and "an exhibit not listed . . . in accordance with this order will not be received in evidence, except for good cause shown and with leave of Court." (Doc. No. 197 at p. 12) Plaintiff notes that Ms. Strecker and Ms. Boehm do not appear on the witness lists filed by the parties. (See Docs. 149, 153, 155, 158.) Moreover, with the possible exception of Exhibit 12 on Defendant's Trial Exhibit List,[1] the documents requested do not appear on the parties' exhibit lists. (See Docs. 150, 152, 156, 160.)

Plaintiff correctly notes that discovery closed in this matter on August 31, 2009. (Doc. No. 197 at p. 2) Yet more than six months after that deadline–and without leave of the Court–Defendant is seeking additional documents and trial testimony from a third party. "Investigation and continued discovery after a discovery cut-off may not invoke the authority of the court (i.e., the issuance of a subpoena under Rule 45)." Liberty Mut. Fire Ins. Co. v. Centimark Corp., 2009 WL 1702291, at *1 (E.D. Mo. June 16, 2009) (internal quotations and citation omitted). Further, Defendant has not shown "good cause" as to why Ms. Boehm or Ms. Strecker should be permitted to testify at trial even though they were not

---

[1]Gulf Coast identifies this exhibit as "FS and XM Radio email strings." (Doc. No. 152) That string, which was produced by Filtration Solutions during discovery, contains emails between Filtration Solutions and Fasone & Partners regarding the purchase of ads on XM radio.

previously identified as potential witnesses, or why the documents they might produce should be received in evidence at trial despite the absence of such documents from the parties' exhibit lists.

For good cause shown, the Court hereby **GRANTS** Plaintiff's Motion, and finds that the Fasone Subpoenas are hereby **STRICKEN**. The Fields Subpoena is hereby **STRICKEN** as to the inspection of the Diagnetics Oil Analysis Machine and/or production of the requested documents or information pertaining thereto. Plaintiff's request for an award of fees and costs incurred in this matter is **PROVISIONALLY DENIED**, pending reconsideration at the conclusion of this matter.

**IT IS SO ORDERED**.

<u>/s/Fernando J. Gaitan, Jr.</u>
Chief United States District Judge

Dated: March 24, 2010
Kansas City, Missouri