# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Filtration Solutions Worldwide, Inc., ) | |
|     Plaintiff/Counter-Defendant, ) | |
| vs. ) | No. 08-0102-CV-W-FJG |
| Gulf Coast Filters, Inc., ) | |
|     Defendant/Counter-Claimant, ) | |
| vs. ) | |
| Randy Fields d/b/a Filtration Solutions and/or ) | |
| d/b/a Filtration Solutions Worldwide, ) | |
|     Counter-Defendant. ) | |

## ORDER

Before the Court are the parties' respective proposed findings of fact and conclusions of law (Doc. Nos. 248 and 249). This matter came to trial on April 5, 2010. The trial was concluded on April 12, 2010. After hearing the evidence and reviewing written submissions, the Court makes the following findings of fact and conclusions of law.

**I.  Findings of Fact**

1. Filtration Solutions is a Kansas corporation with its principal place of business in Olathe, Kansas. (Doc. 151, Joint Stipulation of Facts ¶ 4.)

2. Gulf Coast is a Mississippi corporation with its principal place of business in Stone County, Mississippi. (Doc. 151, ¶ 7.) Gulf Coast has marketed by-pass oil filters for over 25 years. (Testimony of Jerry Sims 141:23-24.)

3. Randy Fields owned and operated Filtration Solutions Worldwide, Inc. as a sole proprietorship until August 7, 2006. (Doc. 151, ¶ 5.)

4. Filtration Solutions was incorporated in the State of Kansas on August 7, 2006 and has remained incorporated since that date. (Doc. 151, ¶ 6.)

5. Since Filtration Solutions was incorporated on August 7, 2006, Randy Fields has only conducted business through that corporation. (Fields Testimony, 5:7-11)

6. All Filtration Solutions and Gulf Coast advertisements at issue in this action entered interstate commerce. (Doc. 151, ¶¶ 11-12.)

### A. Filtration Solutions' Claims against Gulf Coast Filters

7. Gulf Coast Filters markets a bypass oil filter called the GCF Model O-2 to the Independent Owner Operators of Class 8 Trucks through advertising in *Land Line* magazine and on XM Radio. (Testimony of Jerry Sims, 143:10-12.)

8. Gulf Coast advertises that the GCF O-2 "removes particles below 1 micron." (Fields Testimony 40:1-4; Sims Testimony 142:13-19; Plaintiff's Exs. 1-3.)

9. Gulf Coast advertises that the GCF O-2 has a 2.5 gallon capacity. (Fields Testimony 33:10-20; Sims Testimony; Plaintiff's Ex. 3; Exhibit D-4.)

10. Gulf Coast is currently using both statements in advertisements running in *Land Line* magazine. (Fields Testimony 40:1-4; Sims Testimony 142:13-19.)

11. Filtration Solutions' and Gulf Coast's expert witnesses agreed that there is no standard test to determine whether a filter is able to remove particles smaller than 2 micron from oil. (Goldsmith Testimony 206:9-20; Fitch Testimony 253:10-15.)

12. However, the Bonavista test #1 is reliable to show that the GCF Model O-2 is capable of filtering particles smaller than one micron based on the following:

    a. The protocols and methodology for the test are scientifically valid, reproducible, and are supported by accepted authority and research; and

    b. All of the technologies used in the testing including the Bonavista low flow rate test stand, the spectrophotometer and the use of silica based test media are accepted scientific methodologies. (Testimony of James Fitch 254:22-257:7).

13. Randy Fields and Filtration Solutions have introduced no evidence of tests proving that the GCF Model O-2 is not capable of removing particles below one micron. (All trial testimony and evidence).

14. After purchasing an O-2 filter from Gulf Coast through a proxy, Fields testified that he filled up the O-2 filter unit and hoses and it took about 3.8 gallons of oil. (Fields

Testimony 35:15.)

15. As part of its testing, IBR claims it filled up the GCF O-2 "housing with filter," finding that it held 11.5 liters, or just over 3 gallons. (Goldsmith Testimony 203:21-204:1, Plaintiff's Ex. 8.)

16. The interior dimensions of the GCF Model O-2 bypass filter is a radius of three inches and a height of 25 inches. (Testimony of Jerry Sims, 149:3-4; and James Fitch 250:18-19.)

17. The formula for calculating the volume of an empty cylinder is Volume = Pi multiplied times radius squared multiplied by height.

18. Applying the interior dimensions of the GCF Model O-2 to the formula for calculating the volume of an empty cylinder yields a result of 11.56 liters or 3.06 gallons. (Testimony of James Fitch 251:3-5).

19. Since the filter elements and interior parts of the GCF Model O-2 bypass filter displace a volume of oil, the GCF Model O-2 with filter elements and interior parts loaded holds less than 3 gallons of oil. (Testimony of James Fitch 251:14-24).

20. Independent class 8 truck owner operator Lance Talbot tested the GCF Model O-2 Bypass Filter in his Class 8 Truck and found that it has a capacity of 2.5 gallons with the elements and interior parts loaded. (Testimony of Lance Talbot, 21:6-8).

21. Jerry Sims filled the GCF Model O-2 bypass filter with elements and interior parts loaded and found that it holds approximately 2.5 gallons of oil. (Testimony of Jerry Sims, 148-150).

### B. Gulf Coast Filters' Counterclaims

22. Randy Fields approved of all Filtration Solutions advertising before and after August 7, 2006. (Testimony of Randy Fields, 81:16-23.)

23. Beginning in 2005 and continuing into 2007, Randy Fields, and later Filtration Solutions, began marketing a bypass oil filter called the FS-2500 to the Independent

Owner Operators of Class 8 Trucks through advertising in *Landline* magazine, on XM Radio and in other print advertising. (See generally Testimony of Jerry Sims and Randy Fields.) The specific advertising relevant to this suit is detailed below.

**Filtration Solutions' "How Much Will You Save" Flyer**

24. Randy Fields testified that, in response to specific requests for more information about how the FS-2500 compares to the GCF O-2, Filtration Solutions sent the "How Much Will You Save" Flyer to potential customers along with a cover letter which stated: "I have also attached a brief comparison fact sheet so you can see the differences between the FS-2500 and the Gulf Coast filter (in case you are interested)." (Defendant's Ex. 6; Fields Testimony, 67:3-10.) However, customer Lance Talbot testified he was sent the comparison fact sheet in response to a request for more information about the FS-2500 alone. (Talbot Testimony, 16:15-19:25.)

25. The "How Much Will You Save" flyer, which was not published in *Land Line*, contained the following statements under the heading "FS-2500 Benefits":

   (a) Unit holds only 1.5 quarts of oil (NOT 4 gallons)

   (b) Unit comes with complete install kit for your truck and engine (NOT a mixed bag of generic fittings)

   (c) Kit comes with complete instructions with digital pictures for your specific truck and engine (NOT "just give me a call when you are ready to install and I'll try to talk you through it.")

   (d) Kit comes with Stainless Steel Hose standard, cut and crimped to length (you DON'T have to have a hose made or buy 35' of hose for $180 and cut it yourself)

   (e) Unit comes with element inside it (you WON'T have to spend extra money just to use the filter.)

   (f) Unit is compact; only 5" x 11" and weighs only 10 pounds (NOT 30" long and 49 pounds)

(g) Complete FS-2500 kit will cost about $549.00 (NOT $850.00 to $1,000.00) (Defendant's Ex. 6)

26. The parenthetical statements in the "How Much Will You Save" flyer refer to the GCF O-2. (Defendant's Ex. 6; Fields Testimony)

27. Randy Fields testified that these parenthetical statements in the "How Much Will You Save" flyer were based on his personal experience with two Gulf Coast O-2 units he purchased from Gulf Coast through a proxy. (Fields Testimony 113:22-24)

28. The statements made in the "How Much Will you Save" flyer are false in the following respects:

    (a) The GCF O-2 unit holds 2.5 gallons (as discussed above, in relation to plaintiff's claims). Further, Randy Fields was aware that Interbasic Resources, Inc. ("IBR") reported that the volumetric capacity of the GCF Model O-2 bypass filter with element installed was 3.04 gallons. (Testimony of Randy Fields, 37:16-23).

    (b), (c), and (d): GCF customer Lance Talbot testified that Gulf Coast Filters provides installation service and service after the sale that far exceed the representations made in the flyer. (Testimony of Lance Talbot, 21:25-22:25, 24:13-25:9). Further, GCF provides installation instructions with each GCF Model O-2 bypass filter that it sells. (Testimony of Jerry Sims, 155:14-17). Additionally, Randy Fields and Filtration Solutions did not investigate these claims before making them. (Testimony of Randy Fields, pp. 130-131).

    (e) The GCF Model O-2 bypass filter comes with an element inside. (Testimony of Lance Talbot, 23:1-6.)

    (f) The GCF Model O-2 bypass filter complete with fittings and packaging in the box weighs 43 pounds. (Testimony of Jerry Sims, 157:15-158:5.) Randy Fields testified that he did not weigh the GCF Model O-2 bypass filter, and instead made this claim based on what was printed on a shipping label. (Testimony of Randy Fields, 81:4-7.). Further, the GCF Model O-2 bypass

5

filter is 28.5 inches long externally, not 30.  (Testimony of Jerry Sims, 157:21-23.)

(g) In 2005 and 2006, Gulf Coast Filters sold the GCF Model O-2 bypass filter for $586 and a hose kit for $180 or $766 for both the GCF Model O-2 bypass filter and a hose kit. (Sims testimony, 158:16-23.)

29. Filtration Solutions has not used the "How Much Will You Save" flyer or the statements therein about the Gulf Coast O-2 since 2007. (Fields Testimony 113:9-11.)

30. Filtration Solutions does not intend to use the "How Much Will You Save" flyer in the future. (Fields Testimony 113:17-21.)

**Filtration Solutions' Advertisements in Land Line Magazine**

31. In 2006 and 2007, Filtration Solutions advertised in *Land Line* magazine. (Fields Testimony, Defendant's Ex. 4.)

32. The March/April 2006 issue of *Land Line* contained a Filtration Solutions advertisement with the following statement about the FS-2500: "Captures particles down to 2.78 micron absolute." (Defendant's Ex. 4.)

33. Filtration Solutions based that statement on internal testing Randy Fields himself performed on the FS-2500. (Fields Testimony, 48:21-50:13.)

34. Filtration Solutions' "2.78 microns absolute" claim is based on unreliable and unsubstantiated in house testing conducted by Randy Fields without any testing protocol, notes of testing procedures, witnesses or other supporting documentation. (*Id.*)

35. Substantial education, training and experience is required to develop test procedures and operate the machinery required to test oil bypass filters. (Testimony of Susan Goldsmith 209:7 - 211:18; and Testimony of Jim Fitch, 259:1-11).

36. Randy Fields does not have the knowledge, education, training and experience necessary to reliably create test protocols and run tests on oil filters. (Testimony of Randy Fields, 46:21-47:1).

37. Filtration Solutions continues to make false advertising claims that the FS-2500 is capable of filtering particles as small as "2.78 microns absolute". (Testimony of Randy Fields, 120:20-24).

### The "Burglar" Letter

38. Filtration Solutions distributed a letter containing the following:

> If you are considering the purchase of a bypass filter for your diesel engine, there is only one performance requirement that matters; the filter must remove the particles in your oil that cause wear with as close to 100% efficiency as possible. If you are considering buying a filter that will not remove the most dangerous particles from your oil with near 100% efficiency, you have to ask yourself what is the point in buying it at all. Please consider this illustration, if you were going to buy a security system to protect your home and family and you found out that the system that was the biggest and you heard the most about would only stop 1 or 2 out of every 10 criminals that tried to break in your home and harm your family, you probably would not give that system a second thought! No one in their right mind would knowingly install a system that performed that poorly.

(Defendant's Ex. 9.)

39. This "Burglar" letter does not state it is dangerous to use the GCF O-2 or that doing so would harm one's family. (Defendant's Ex. 9; Radoumis Order, Doc. 223 at pp. 6-7.)

40. The analogy in the "Burglar" letter was used to explain the importance of the efficiency of a bypass oil filter. (Fields Testimony, 95:1-2.)

41. Filtration Solutions last used that letter in December 2008. (Sims Testimony, 192:7-13).

42. Fields testified that Filtration Solutions does not intend to use that letter in future. (Fields Testimony, 118:12-13)

### IBR Test Results

43. When Filtration Solutions Worldwide, Inc. distributed the "Burglar" letter, it attached results from tests run by IBR on the Gulf Coast O-2, FS-2500-361, and OPS-1. (Defendant's Ex. 9; Fields Testimony 117:22-25.)

44. Pursuant to instructions given it by Randy Fields, IBR conducted tests on the Gulf Coast O-2 and FS-2500-361 (Goldsmith Testimony, 214:9-218:13.)

45. In particular, the tests run by Ms. Goldsmith deviated from the ISO standard tests in that they (a) ran the testing at the wrong flow rate, (b) ran the test for a duration of only one hour, (c) added all of the contaminants at the beginning of the test rather than throughout the test procedure, and (d) used non-standard test dust. (Id.).

46. The tests conducted with the modifications specified by Randy Fields showed that the FS-2500-361 was 99.9% efficient in the 3-5 micron range over the duration of the test, and that the GCF O-2 peaked at 25.5% efficiency in the 3-5 micron range. (Goldsmith Testimony 205:13-24)

47. None of the modifications that Randy Fields and Filtration Solutions instructed IBR to make were necessary for achieving the stated goals of the testing, i.e. to assess the relative efficiency of the FS 2500 and GCF Model O-2 bypass oil filters. (Testimony of James Fitch, 247:13-22, 248:2-18).

48. The modifications that Randy Fields and Filtration Solutions instructed IBR to make were likely to have caused the GCF Model O-2 test to yield less efficient test results. (Testimony of James Fitch 247:5-12, Exhibit P-8).

49. Every FS-2500 unit comes preloaded with a 361 element, and then customers are instructed to change the element at 10,000 miles and replace it with a 362 element. (Fields Testimony, 121:13-21).

50. Randy Fields and FS do not market the FS 2500 equipped with the 360.5 element. (Testimony of Randy Fields, 55:13-15).

51. Over 90% of Filtration Solutions' element sales are of the 362 element. (Testimony of Randy Fields, 55:22-24).

52. The FS 2500 equipped with the 361 element is more efficient than the FS 2500 equipped with the 362 element. (Testimony of James Fitch 257:20 - 258:2 and Exhibits P08 and D-15).

**Filtration Solutions' XM Radio Ads**

53. A Filtration Solutions XM Radio advertisement contained the following statement: "now even engine manufacturers agree – smaller is smarter." Gulf Coast is not

mentioned in the advertisement. (Defendant's Ex. 8.)

II. **Conclusions of Law**

    A. **Elements of a Lanham Act False Advertising Claim.**

To prevail on a false advertising claim under the Lanham Act, plaintiff must prove: (1) Defendant made a false statement of fact in commercial advertising or promotion about its own or another's goods, services or commercial activities; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, that is, likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement. *American Italian Pasta Co. v. New World Pasta Co.,* 371 F.3d 387, 390 (8th Cir. 2004).

When the challenged advertising is shown to be "literally false," certain presumptions arise with respect to the elements required to prove a Lanham Act claim. The second element - deception or a tendency to deceive - is presumed if the challenged advertising claims are literally false or where the defendant has committed a willful violation of the Lanham Act. *United Industries Corp. v. Clorox Co.,* 140 F.3d 1175, 1180 (8th Cir. 1998). The third element, materiality, is also presumed once it is determined that an advertising message is false. *Johnson & Johnson Vision Care, Inc. v. Ciba Vision Corp.,* 348 F.Supp.2d 165, 180 (S.D. N.Y. 2004).

    B. **Standard for Permanent Injunctive Relief Under the Lanham Act.**

To obtain permanent injunctive relief against a false or misleading advertising claim pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), "a plaintiff must demonstrate by a preponderance of the evidence that an advertisement is either literally false or that the advertisement, though literally true, is likely to mislead and confuse consumers." *McNeil-P.C.C., Inc. v. Bristol-Myers Squibb Co.*, 938 F.2d 1544, 1548-49 (2d Cir. 1991). "Additionally, a plaintiff must show that it will suffer irreparable harm absent the injunction." *Id.* at 1549.

The finding of a tendency to deceive satisfies the requisite showing of irreparable

harm. *United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1183-84 (8th Cir. 1998). Thus, where the challenged advertisement is determined to be literally false, deception and irreparable harm are presumed. *Id.*, citing *McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38 (2d Cir. 1988).

 **C.** **Filtration Solutions' claims against Defendant Gulf Coast Filters, Inc. ("Gulf Coast") for permanent injunctive relief under the Lanham Act**

1. Filtration Solutions' claim to enjoin Gulf Coast Filters from advertising that the GCF Model O-2 filters below one micron is dismissed since the Gulf Coast Filters' advertising claim is supported by valid testing in accordance with accepted authority and scientific research. *See ALPO Petfoods, Inc. v. Ralston Purina Co.*, 720 F.Supp. 194, 213 (D.D.C. 1989), *aff'd in part, rev'd in part on other grounds*, 913 F.2d 958 (D.C. Cir. 1990).

2. Gulf Coast Filters' advertising claim that the GCF Model O-2 bypass filter holds 2.5 gallons is not a false statement of fact. The evidence presented by plaintiff as to other volumetric capacities of the GCF Model O-2 bypass filter is not credible. In this case, the only credible evidence in the record is that the capacity of the GCF Model O-2 by pass filter has a volume capacity of 2.5 gallons. Therefore, Filtration Solutions' claim to enjoin Gulf Coast Filters from advertising that the GCF Model O-2 has a 2.5 gallon capacity is dismissed. *See American Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 390 (8th Cir. 2004).

3. Therefore, plaintiff's claims for injunctive relief are **DENIED.**

 **D.** **Gulf Coast's claims against Counter-Defendants for permanent injunctive relief and an award of attorneys' fees under the Lanham Act.**

1. The following advertising claims of Randy Fields and Filtration Solutions are literally false:

 a) that the GCF Model O-2 bypass filter has a capacity other than 2.5 gallons of oil;

 b) that the GCF Model O-2 bypass filter is not sold with a filter element included;

- c) that the GCF Model O-2 bypass filter weighs more or less than forty three pounds;
- d) that the GCF Model O-2 bypass filter costs between $850 and $1,000;
- e) that Gulf Coast Filters offers no installation instructions;
- f) that Gulf Coast Filters offers no customer assistance or support after installation of the GCF Model O-2 bypass oil filtration system;
- g) that Gulf Coast Filters either offers no hose kits and/or that GCF offers only a 35 foot hose with no components in its hose kits;
- h) That the FS-2500 filters particles as small as 2.78 microns absolute; and
- i) that the IBR test results for the FS 2500 equipped with 360.5 or 361 elements are indicative of the performance of the FS 2500 equipped with the 362 element.

2. Gulf Coast has not established that any other of Filtration Solutions' advertisements are misleading. *See United Indus. Corp. v. Clorox Corp.*, 140 F.3D 1175, 1182 (8th Cir. 1998) ("Where a commercial claim is not literally false but is misleading in context, proof that the advertising actually conveyed the implied message and thereby deceived a significant portion of the recipients becomes critical."). Gulf Coast presented no evidence that established the implied message conveyed by any of Filtration Solutions' advertisements, nor did it present any evidence demonstrating that those advertisements deceived a significant portion of recipients.

3. Since Randy Fields and Filtration Solutions made literally false advertising statements, the court presumes that the consuming public was deceived and that the deception was material. *See United Industries Corp. v. Clorox Co.,* 140 F.3d 1175, 1180 (8th Cir. 1998).

4. Gulf Coast Filters is entitled to injunctive relief since it has demonstrated that Randy fields' and Filtration Solutions' advertising is literally false and therefore deception and irreparable harm are presumed. *United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1183-84 (8th Cir. 1998).

5. Although Filtration Solutions and Randy Fields argue that Gulf Coast will not suffer a present irreparable harm in relation to several of the advertisements that counter-defendants no longer use and claim they will not use in the future, the Court finds that under the circumstances of this case, injunctive relief is appropriate (especially considering that counter-defendants did not cease using these advertising messages until after litigation had begun).

### E. Gulf Coast Filters' Claim for Attorney's Fees

1. Gulf Coast is not entitled to an award of attorneys' fees because it did not establish by clear and convincing evidence that this was an exceptional case under the Lanham Act. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, No. 05-445-CV-W-FJG, 2006 WL 1447032, at *8 (W.D. Mo. May 23, 2006) ("Under the Lanham Act, a court may award reasonable attorney's fees to the prevailing party in an exceptional case. 15 U.S.C. § 1117(a). The prevailing party must prove an exceptional case exists by clear and convincing evidence.") (quotation omitted).

2. Gulf Coast did not demonstrate that Fields and/or Filtration Solutions set out to deceive or confuse the public with false statements about the FS-2500 or the Gulf Coast O-2. An exceptional case requires proof of more than "a simple disregard for [the claimant's] rights." *Porous Media Corp. v. Pall Corp.* 110 F.3d 1329, 1341 (8th Cir. 1997). The claimant must show by clear and convincing evidence that the accused "intentionally set out to deceive or confuse the public through the publication of false statements about its own product alone, and in comparison to Plaintiff's product, and that such conduct was deliberate and willful." *Id.*

3. Gulf Coast presented no evidence that Filtration Solutions intended to deceive consumers. *Contra Castrol, Inc. v. Pennzoil Quaker State Co.*,169 F. Supp. 2d 332, 341 (D. N.J. 2001) (finding willfulness was established by clear and convincing evidence where "Pennzoil internal communications [provided] direct evidence of Pennzoil's voluntary, knowing, and intentional misconduct.").

4. Though some of Filtration Solutions' advertisements directly compared the FS-2500

and the Gulf Coast O-2, targeting a competitor with advertisements does not establish intent to deceive. *See McNeilab, Inc. v. Amer. Home Products, Corp.*, 501 F. Supp. 517, 530 (S.D.N.Y. 1980) (finding that defendants taking on competitor's product "head on" in advertising was not evidence of intent to make deliberately false claims).

5. This Court previously held that Gulf Coast is not entitled to monetary damages under the Lanham Act. (Doc. 205.) *March Madness Ath. Ass'n LLC v. Netfire Inc.*, 120 Fed. Appx. 540, 546 (5th Cir. 2005) ("Lack of damages is an important factor in determining whether a case is exceptional.") (citations omitted).

6. The evidence revealed competition between the parties, not that Filtration Solutions had a malicious intent to destroy the business of Gulf Coast. *See Pizza Hut, Inc. v. Papa Johns's Int'l*, Inc., 80 F. Supp. 2d 600, 618 (N.D. Tex. 1997), *rev'd on other grounds*, 227 F.3d 489, 491 (5th Cir. 2000) ("Rather, the evidence shows that each side in the course of its advertising in the highly competitive chain pizza market overstepped the permissible bounds of comparative advertising, not with a malicious intent to destroy the business of its competitor, but to enhance and promote its own share of the market. The conduct at issue falls far short of the culpable, malicious character necessary to find that the present action is an 'exceptional.'").

## III. ENTRY OF JUDGMENT

1. Filtration Solutions' claims for permanent injunction against Gulf Coast Filters are **DENIED**;

2. Gulf Coast Filters' claims for permanent injunction against Filtration Solutions and Randy Fields are **GRANTED**. Randy Fields and Filtration Solutions are hereby enjoined from:

    a) publishing false advertising claims that the GCF Model O-2 bypass filter has a capacity other than 2.5 gallons of oil;

    b) publishing false advertising claims that the GCF Model O-2 bypass filter is not sold with a filter element included;

c) publishing false advertising claims that the GCF Model O-2 bypass filter weighs more or less than forty three pounds;

d) publishing false advertising claims regarding the purchase price of the GCF Model O-2 bypass filter and related products and services;

e) publishing false advertising claims that Gulf Coast Filters offers no customer assistance or support after installation of the GCF Model O-2 bypass oil filtration system;

f) publishing false advertising claims that Gulf Coast Filters either offers no hose kits and/or that it offers only a 35 foot hose with no components in its hose kits;

g) publishing false advertising using reports of tests performed on the FS-2500 equipped with the FS 360.5 and FS 361 elements to promote sales of the FS-2500 Filter equipped with the FS 362 element;

h) publishing false advertising claims that the FS-2500 Bypass Filtration system is able to filter particles as small as 2.78 microns absolute without having reliable test results to substantiate such claims; and

i) publishing false advertising claims that Gulf Coast Filters offers no installation instructions.

3. Gulf Coast's request for Attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 05/26/10
Kansas City, Missouri